LUTHER TIBBETS & *al. versus* OTIS S. TIBBETS.

A person who has the rightful possession of logs for the purpose of driving them under a contract, has such a qualified interest in the logs, that the timber may be regarded as his, for all purposes connected with the driving, within the meaning of the R. S. of 1857, c. 42, § 6, and sufficient to enable him to maintain an action against the owners of logs which have become intermixed with the logs he has driven under such contract.

EXCEPTIONS from the ruling of GOODENOW, J.

THIS was an action against the owner of logs which had been driven to market by persons whose timber had become intermixed with that of the defendant, and was based upon the R. S., c. 42, § 6.

The plaintiffs were not the owners of the logs they were driving and which had become intermixed with the defendant's, but were driving them under a contract with the owner.

The presiding Judge instructed the jury, that the plaintiffs, by virtue of their contract to drive the logs, had such a qualified ownership, as would enable them to maintain the action.

The case was submitted without argument.

The opinion of the Court was drawn by

KENT, J. — This action is based upon the provisions of the 67th chapter, section 9, of the R. S. of 1841, which are reënacted in c. 42, § 6, of the R. S. of 1857. The statute provides, that "any person, whose timber" becomes intermixed with the logs of another, so that the same cannot be conveniently separated, may drive the whole to market and may recover a reasonable compensation from the *owner*.

Tibbets *v.* Tibbets.

The only question raised by the exceptions is, whether a person, who had contracted to drive the logs of others, and having the logs in his possession for that purpose, can maintain an action for driving, against the owner of the logs, with which the logs he was thus driving become intermixed, upon proof of such facts as would enable the absolute owner to maintain the action.

The object of the statute is to secure payment from the owners, for driving their logs, when they have left them in such a position, that they become mixed with others and cannot conveniently be separated. It can make no difference to such owner, whether the person claiming payment for driving, has an absolute or a qualified ownership or possession of the other logs. The ground of his liability is, that another person has performed valuable services in relation to his property. It may be important to the person who thus drives, to hold the owner of the logs, rather than a contractor for driving, who may be irresponsible. The statute seems to contemplate this distinction, as it provides that "*the owner*" of the logs shall be responsible, but in reference to the person who drives for another, it does not use the word "owner," but designates him as a person "whose timber" becomes intermixed.

We think that the true construction of the section is, that any person who has a rightful possession of the logs for the purpose of driving them, under a contract, has such a qualified interest or right in the logs, arising from that possession, that the timber may be regarded as his, for all purposes connected with the driving, within the meaning of the statute, and sufficient to enable him to maintain an action like this.

*Exceptions overruled,* —
*Judgment on the verdict.*

TENNEY, C. J., and APPLETON, CUTTING, MAY, and DAVIS, J. J., concurred.